UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL WALTER PAYETTE,

    Plaintiff,

v.

D. GERTH, et al.,

    Defendants.
_____/

File No: 2:08-CV-217

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER ADOPTING**
**MAGISTRATE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's objection, (Dkt. No. 83), to the Magistrate Judge's August 25, 2010, Report and Recommendation ("R&R") which recommends that this Court grant Defendants' motion for summary judgment and deny Plaintiff's pending motion. (Dkt. No. 80.) The Court must review *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

**Objection 1**

Plaintiff begins by objecting "to the entire report, and seek[ing] this honorable courts review of the entire file . . . ." (Dkt. No. 84, Objections, at 1-2.)[1] "[A] general objection to

---

[1]Plaintiff filed a document labeled "Objections to Magistrates Report & Recommendation," (Dkt. No. 83), which refers to his accompanying brief, (Dkt. No. 84). As the substance of Plaintiff's objections is in the brief, the Court will refer to that document in reviewing Plaintiff's objections.

a magistrate's report . . . does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Plaintiff's objection does not satisfy the specific objection requirement.

**Objection 2**

Plaintiff specifically objects to the Magistrate Judge's failure to address Plaintiff's statement in his complaint that he was "fraudulently placed on modified access to grievance forms," (Dkt. No. 1, Compl., at 10). (Objections at 3, 12.)[2] The Court has reviewed the matter, and finds overwhelming evidence that Plaintiff was properly placed on modified access to the grievance procedure. As the Magistrate Judge noted, a prisoner is placed on modified access for filing "an excessive number of grievances which are frivolous, vague, duplicative, nonmeritorious, raise non-grievable issues, or contain prohibited language . . . or [are] unfounded . . . ." (R&R at 6). Plaintiff acknowledges that he "has filed or attempted to file over 100 grievances in a short 3 or 4 month time-span . . . ." (Compl. at 12.)

---

[2]This was a single statement in a lengthy narrative complaint. The Magistrate Judge properly addressed his R&R to Plaintiff's substantive claims. The Magistrate Judge could not reasonably have been expected to locate and address each of the passing allegations of impropriety Plaintiff makes regarding MDOC officials. Other allegations include: false imprisonment, (*Id.* at 5), conspiracy (Compl. at 7), sexual depravity, (*Id.* at 8), "destroying prisoner mail and personal property (even state issued prisoner property) religiously and relentlessly," (*Id.* at 9), "cover-up of a felony," (*Id.* at 9-10), "criminal acts, tort crimes and civil rights violations," (*Id.* at 12), "murderous frenzy to destroy every last right MDOC prisoners have left," (*Id.*), "malice and sadism," (*Id.*), and, on numerous occasions, unspecified felonies. However, since Plaintiff has raised the particular allegation of being fraudulently placed on modified access in his objection as well, the Court will address it.

Defendants have attached a copy of Plaintiff's August 28, 2008, request for grievance forms. (Dkt. No. 53, Ex. 2, Attach. C.) The Court finds in that document ample cause to believe that Plaintiff has abused the grievance process with excessive frivolous, duplicative, and nonmeritorious grievances, as alleged by Defendant Trierweiler. (Dkt. No. 53, Ex. 2, ¶ 3.) Accordingly, inasmuch as this is an objection to the R&R, the objection will be denied.

**Objection 3**

Plaintiff next objects to the Magistrate Judge's use of Defendant Trierweiler's affidavit, and Plaintiff claims that Defendant Trierweiler's statement that he told Plaintiff to "rewrite his complaint on grievance form, and attach four copies of additional pages" is perjured. (Objections at 4-5.) Plaintiff claims that Defendant Trierweiler "never, over 3 years told plntff [sic] to do this once after plntff [sic] requested and received a grievance form." (*Id.* at 5.) Plaintiff additionally claims that he had evidence to prove this assertion, but that Defendants ordered or allowed corrections officers to destroy the evidence.

On the contrary, Plaintiff admits in his complaint that "Plaintiff received requested form and apparently was supposed to re-write his already submitted 2 page complaint which listed the defendants to this action on said form. This would have forced Plaintiff to attach four additional copies of any pages . . . ." (Compl. at 11.) This objection will be denied.

**Objection 4**

Plaintiff next objects to the Magistrate Judge's assertion that Plaintiff was required by MDOC policy to rewrite his complaint on grievance form and to attach four copies of

3

additional pages. (Objections at 6.) Plaintiff claims that, contrary to the Magistrate Judge's findings, he complied with MDOC grievance policy. (*Id.* at 6, 13.)

The MDOC policy directive governing prisoner grievance procedure specifically states that "[i]f additional pages are necessary, the grievant is to submit four copies of each additional page." MDOC Policy Directive 03.02.130 ¶ R. Plaintiff acknowledges in his complaint that he "simply summarized his 2 page complaint on the form listing the defendants and then attached said 2 page complaint already filed, and re-submitted as such for processing." (Compl. at 11.) Plaintiff further acknowledges that he knew about the requirement that he attach copies, but asserts that "Plaintiff had no time to do this, and to be forced to do so would have thwarted the writing of this complaint." (*Id.*)[3]

Plaintiff asserts that it was MDOC's responsibility to supply copies. The Court can locate no support for that claim. To the extent that Plaintiff is relying on MDOC Policy Directive 03.02.130 ¶ H, the Court finds the directive inapplicable here. Directive 03.02.130 ¶ H refers to a situation in which the prisoner has sole custody of documents which a grievance coordinator or respondent requires. In that scenario, MDOC will pay for copies of the document. Here, however, the copies at issue are copies of the grievance itself, which Plaintiff could be expected to, and indeed was required to, copy himself. The Court finds, as the Magistrate Judge did, that Plaintiff did not comply with MDOC grievance processes. This objection, too, will be denied.

---

[3]Plaintiff has objected to the Magistrate Judge's alleged mischaracterization of this assertion. (Objections at 7-8.) This objection will be addressed as Objection 5, below.

4

**Objection 5**

In the R&R, the Magistrate Judge says, "Plaintiff asserts that he did not have time to do that [affix four copies to his grievance] and believes that requiring him to do so would thwart the grievance process." (R&R at 4.) Plaintiff objects that this misquotes his assertion that "Plaintiff had no time to do this, and to be forced to do so would have thwarted the writing of this *complaint*," (Compl. at 11) (emphasis added). (Objections at 7-8.) However, Plaintiff goes on to acknowledge that the Magistrate Judge's statement is an accurate reflection of Plaintiff's assertions and beliefs. (*Id.*) Thus, this objection does not disturb the Magistrate Judge's findings in the R&R, and it will be accordingly denied.

**Objection 6**

Plaintiff lastly objects to the Magistrate Judge's statement that "Plaintiff failed to exhaust his administrative remedies," (R&R at 7), and alleges that this is a mischaracterization of the law. (Objections at 14.) Plaintiff argues that he is only required to exhaust all *available* administrative remedies. Having reviewed the R&R and Plaintiff's file, the Court finds that the Magistrate Judge understood and correctly applied the law. There were administrative remedies available to Plaintiff, and Plaintiff refused to avail himself of those opportunities on the basis that being "forced to do so would have thwarted the writing of this complaint." (Compl. at 11.) On the contrary, access to the federal courts is thwarted by failing to comply with prison grievance procedures. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007). Like the Magistrate Judge, this Court finds that Plaintiff failed to

comply with prison grievance procedures, and that he therefore failed to exhaust available administrative remedies. This objection will be denied.

With regard to the sections of the R&R not specifically objected to, the Court has reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. Nos. 83, 84) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the August 25, 2010, Report and Recommendation of the Magistrate Judge (Dkt. No. 79) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 52) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's pending motion (Dkt. No. 50) is **DENIED AS MOOT**.

**IT IS FURTHER CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3) that an appeal of this action would not be in good faith.

Dated: September 24, 2010         /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE